PER CURIAM.
By a notice of appeal and an instrument entitled “Motion to Stay Trial Proceedings”, Continental Equities, Inc., seeks review of certain orders entered by the trial court denying its motion to be substituted as the real party in interest for the defendants, C. V. Galardi and Minna T. Galardi, his wife. The motion and its attachments are treated as a petition for writ of common law certiorari.
Factual allegations which are germane to this proceeding are: On February 16, 1976, by way of a foreclosure action, Continental acquired a certificate of title to the lands which had previously been acquired by an order of taking by the Jacksonville Transportation Authority; all interests of the Galardis in the subject lands were extinguished by reason of the foreclosure action ; Continental’s motion to be substituted as the real party in interest was denied by the trial court; trial for the purpose of establishing the compensation to be paid for the land taken is set for May 10, 1976.
A prima facie case has been shown by Continental that the ruling, if erroneous, constitutes a departure from the essential requirements of law for which there will be no adequate remedy by appeal after final judgment. Certiorari is granted. (1 Cran-dall, Florida Common Law Practice, § 472)
*864 Continental’s Motion to Stay Trial Proceedings and Continental’s Motion to Consolidate this proceeding with its appeal in this cause in this Court’s Case No. BB-13S are granted. Sua sponte, the cause is expedited. Continental shall have 30 days within which to file its record on appeal in this court. Each succeeding stage for perfecting the appeal is shortened to one-half of the time schedule set out in Florida Appellate Rule 3.6, subd. j.
RAWLS, Acting C. J., and MILLS and SMITH, JJ., concur.